1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

David J. McGlothlin, Esq. (SBN 026059)
david@kazlg.com
Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste 460
Phoenix, AZ  85016
Phone: 800-400-6808
Fax: 800-520-5523

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| Richard Winters, Jr., Joseph Brem, and David James, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Grand Caribbean Cruises, Inc.,<br><br>Defendant. | Case No.: 2:20-CV-00168-DWL<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF:**<br><br>1.  NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>2.  WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>3.  NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]<br>4.  WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]<br><br>**DEMAND FOR JURY TRIAL** |

---

CLASS ACTION COMPLAINT

Plaintiff RICHARD WINTERS, JR. ("Winters"), Plaintiff Joseph Brem ("Brem"), and Plaintiff David James ("James") (or jointly as "Plaintiffs"), individually and on behalf of all others similarly situated, allege the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.   Plaintiffs bring this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of GRAND CARIBBEAN CRUISES, INC. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiffs' privacy.

## JURISDICTION & VENUE

2.   Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiffs Winters and Brem are residents of Arizona and seek relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, who is a Florida resident. Plaintiffs also seeks up to $1,500.00 in damages for each call, in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.   Jurisdiction is also proper because there exists a federal question based on the fact that Plaintiffs' claims arise from the Telephone

Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), a federal statute.

4.   Venue is proper in the United States District Court for the District of Arizona pursuant to *28 U.S.C. § 1391(b)(2)* because Defendant does business within the State of Arizona and Plaintiffs Winters and Brem reside within the Counties of Maricopa and Pinal respectively.

## PARTIES

5.   Winters is a natural person residing in Mesa, Arizona and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6.   Brem is a natural person residing in Casa Grande, Arizona and is a "person" as defined by *47 U.S.C. § 153 (39)*.

7.   James is a natural person residing in Buena Park, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

8.   Defendant is a Cruise Line and is a "person" as defined by *47 U.S.C. § 153 (39)*.

9.   The above-named Defendant, and their subsidiaries and agents, are collectively referred to as "Defendant."

10.  Plaintiffs are informed and believe that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiffs are informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

**Plaintiff Winters**

11.  Beginning in or around July 2019, Defendant contacted Winters on Winters' cellular telephone number ending in -6678, in an attempt to

solicit Winters to purchase Defendant's services.  This call was placed directly by an agent of Defendant.  Defendant had actual knowledge and/or should have had knowledge of the conduct of its agent and therefore ratified the act.  Additionally, a reasonable consumer similarly situated to Winters would have believed that the robocall was placed by an agent of Defendant with its express authority, given that the robocall was transferred to a representative who identified the company by name and was clearly made for the benefit of Defendant.

12. Winters alleges that Defendant is both directly liable for placing the call and in the alternative, that Defendant is vicariously liable for the call to Winters through an agency-principle relationship, as well as through apparent authority and ratification.  See *In re Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574 (2013); *Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068 (9th Cir. 2019), as amended on denial of reh'g and reh'g en banc (May 6, 2019).

13. Winters alleges that Defendant was likewise acting as an agent of the initial caller, based on the content of the call placed to Winters and is similarly vicariously liable for the conduct of Defendant under a direct agency theory, apparent authority and ratification.

14. Defendant used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its call to Winters seeking to solicit its services.

15. Defendant contacted or attempted to contact Winters from telephone number (480) 781-4192 confirmed to be Defendant's number.

16. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

17. Defendant's calls were placed to telephone number assigned to a

cellular telephone service for which Winters incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

18.    During all relevant times, Defendant did not possess Winters' "prior express consent" to receive calls using an automatic telephone dialing system on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

19.    Further, Winters' cellular telephone number ending in -6678 has been on the National Do-Not-Call Registry since at least June 2019.

20.    Defendant placed multiple calls soliciting its business to Winters on his cellular telephone ending in -6678 between on or around July of 2019. During most if not all of the calls, Plaintiff either heard a beep or a pause before a representative of Defendant and/or Defendant's agent came on the phone line.  A beep or a pause tends to indicate an Automatic Telephone Dialing System was used to call Winters.

21.    Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

22.    Winters received multiple solicitation calls from Defendant within a 12-month period.

23.    Defendant continued to call Winters in an attempt to solicit its services and in violation of the National Do-Not-Call provisions of the TCPA.

24.    Upon information and belief, and based on Winters' experiences of being called by Defendant after being on the National Do-Not-Call list for several years prior to Defendant's initial call, and at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47

U.S.C. § 227(c)(5).

**Plaintiff Brem**

1.     On or about August 19, 2019 at 8:20am, Defendant contacted Brem on Brem's cellular telephone number, in an attempt to solicit Brem to purchase Defendant's services.  This call was placed directly by an agent of Defendant.  Defendant had actual knowledge and/or should have had knowledge of the conduct of its agent and therefore ratified the act.  Additionally, a reasonable consumer similarly situated to Brem would have believed that the robocall was placed by an agent of Defendant with its express authority, given that the robocall was transferred to a representative who identified the company by name and was clearly made for the benefit of Defendant.

2.     Brem alleges that Defendant is both directly liable for placing the call and in the alternative, that Defendant is vicariously liable for the call to Brem through an agency-principle relationship, as well as through apparent authority and ratification.  See *In re Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574 (2013); *Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068 (9th Cir. 2019), as amended on denial of reh'g and reh'g en banc (May 6, 2019).

3.     Brem alleges that Defendant was likewise acting as an agent of the initial caller, based on the content of the call placed to Brem and is similarly vicariously liable for the conduct of Defendant under a direct agency theory, apparent authority and ratification.

4.     Defendant used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its call to Brem seeking to solicit its services.

5.     Defendant contacted or attempted to contact Brem from telephone

---

CLASS ACTION COMPLAINT

number 602-753-0126, which was later confirmed to be Defendant and/or Defendant's agent's number.  Brem is informed and believes this number that Defendant called Brem with was a fake or "spoofed" number. The fact that a spoofed number was used tends to indicate an Automatic Telephone Dialing System was used to call Brem.

6.     The representative who called Brem (appeared to be a prerecorded voice) asked Brem several questions and then transferred Brem to a representative of Defendant. The use of a prerecorded voice tends to indicate an Automatic Telephone Dialing System was used to call Brem.

7.     When Brem was transferred to a live agent, the agent identified herself as Michelle and stated, "welcome to Grand Caribbean Cruises".  Since the initial caller transferred Brem to a representative of Defendant, Plaintiff is informed and believes that the initial caller was an agent of Defendant and the initial caller was under the dominion and control of Defendant. Brem further is informed and believes that the initial caller was acting at the direction of Defendant.

8.     Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

9.     Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Brem incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

10.    During all relevant times, Defendant did not possess Brem's "prior express consent" to receive calls using an automatic telephone dialing system on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

11. Further, Brem's cellular telephone number has been on the National Do-Not-Call Registry since at least October 2017.

12. Defendant placed a call soliciting its business to Brem on his cellular telephone on or about August 19, 2019.

13. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

14. Upon information and belief, and based on Brem's experiences of being called by Defendant after being on the National Do-Not-Call list for several years prior to Defendant's initial call, and at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

**Plaintiff James**

15. In or about February 2020, Defendant contacted James approximately 6-7 times on James's landline telephone number ending in 9304, in an attempt to solicit James to purchase Defendant's services.  This call was placed directly by an agent of Defendant.  Defendant had actual knowledge and/or should have had knowledge of the conduct of its agent and therefore ratified the act.  Additionally, a reasonable consumer similarly situated to James would have believed that the robocall was placed by an agent of Defendant with its express authority, given that the robocall was transferred to a representative who identified the company by name and was clearly made for the benefit of Defendant.

16. James alleges that Defendant is both directly liable for placing the call and in the alternative, that Defendant is vicariously liable for the

call to James through an agency-principle relationship, as well as through apparent authority and ratification. See *In re Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574 (2013); *Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068 (9th Cir. 2019), as amended on denial of reh'g and reh'g en banc (May 6, 2019).

17. James alleges that Defendant was likewise acting as an agent of the initial caller, based on the content of the call placed to James and is similarly vicariously liable for the conduct of Defendant under a direct agency theory, apparent authority and ratification.

18. Defendant used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its call to James seeking to solicit its services.

19. Defendant also used a prerecorded voice on all of its approximately 6-7 initial calls to James.

20. After about the seventh call, James answered the call from Defendant, and responded to questions asked by Defendant's agent's prerecorded voice. James was subsequently connected with a live agent for Defendant that identified themselves as "Grand Caribbean Cruises". On this call, James told Defendant's representative to stop calling and requested the Defendant add James to Defendant's "Do Not Call" list.

21. Despite James telling Defendant to stop calling, Defendant subsequently called James again on February 18, 2020 from the phone number 714-276-6811. On this phone call, James was again transferred to a live agent of Defendant's who attempted to sell James a cruise. On that phone call, James confirmed that "Grand Caribbean Cruises" was calling and its address was 1451 W. Cypress Creek Road, Suite 300, Fort Lauderdale, FL 33309.

22. Later that day on February 18, 2020, James received another phone call to his landline from Defendant using a prerecorded voice.

23. On February 19, 2020, James received another call from a "vacation specialist" of Defendant's. James again told Defendant to stop calling and requested Defendant put James on the "Do Not Call" list.

24. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

25. During all relevant times, Defendant did not possess James's "prior express consent" to receive calls using an automatic telephone dialing system on his telephone.

26. Further, James's landline telephone number has been on the National Do-Not-Call Registry since 2006.

27. Defendant placed a call soliciting its business to James on his landline telephone in or about February 2020.

28. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

29. Upon information and belief, and based on James's experiences of being called by Defendant after being on the National Do-Not-Call list for several years prior to Defendant's initial call, and at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

## CLASS ALLEGATIONS

30. Plaintiffs bring this action individually and on behalf of all others similarly situated, as a member the two proposed classes (hereafter, jointly, "The Classes").

31.     The class concerning the ATDS claim for no prior express consent (hereafter "The ATDS Class") is defined as follows:

All persons within the United States who received any solicitation/telemarketing telephone calls from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

32.     The class concerning the National Do-Not-Call violation (hereafter "The DNC Class") is defined as follows:

All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any twelve-month period, within four years prior to the filing of the complaint.

33.     The class concerning the ATDS claim for no prior express consent while using a prerecorded voice (hereafter "The ATDS Landline Class") is defined as follows:

All persons within the United States who received any solicitation/telemarketing telephone calls from Defendants to said person's landline telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such

---

CLASS ACTION COMPLAINT

calls within the four years prior to the filing of this Complaint

34.  Plaintiffs Winters and Brem represent, and are members of, The ATDS Class, consisting of all persons within the United States who received any telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

35.  Plaintiffs Winters and James represent, and are members of, The DNC Class, consisting of all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

36.  Plaintiff James represents, and is a members of, The ATDS Landline Class, consisting of all persons within the United States who received any telemarketing telephone calls from Defendant to said person's landline telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

37.  Defendant, including its employees and agents, is excluded from The

Classes. Plaintiffs do not know the number of members in The Classes, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

38. The Classes are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believe and thereon allege that The Classes includes thousands of members. Plaintiffs allege that The Class members may be ascertained by the records maintained by Defendant.

39. Plaintiffs and members of The ATDS Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiffs Winters and Brem and ATDS Class members via their cellular telephones thereby causing Plaintiffs Winters and Brem and ATDS Class members to incur certain charges or reduced telephone time for which Plaintiffs Winters and Brem and ATDS Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiffs and ATDS Class members.

40. Common questions of fact and law exist as to all members of The ATDS Class which predominate over any questions affecting only individual members of The ATDS Class. These common legal and factual questions, which do not vary between ATDS Class members, and which may be determined without reference to the individual circumstances of any ATDS Class members, include, but are not limited to, the following:

a. Whether, within the four years prior to the filing of this

Complaint, Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a ATDS Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b.    Whether Plaintiffs Winters and Brem and the ATDS Class members were damaged thereby, and the extent of damages for such violation; and

c.    Whether Defendant should be enjoined from engaging in such conduct in the future.

41.    As a person that received numerous telemarketing/solicitation calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiffs' prior express consent, Plaintiffs Winters and Brem are asserting claims that are typical of The ATDS Class.

42.    Plaintiffs and members of The DNC Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiffs and DNC Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiffs and the DNC Class members whose telephone numbers were on the National Do-Not-Call Registry.  Plaintiffs and the DNC Class members were damaged thereby.

43.    Common questions of fact and law exist as to all members of The DNC Class which predominate over any questions affecting only individual members of The DNC Class.  These common legal and factual questions, which do not vary between DNC Class members, and which may be determined without reference to the individual

circumstances of any DNC Class members, include, but are not limited to, the following:

a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed more than one solicitation call to the members of the DNC Class whose telephone numbers were on the National Do-Not-Call Registry and who had not granted prior express consent to Defendant and did not have an established business relationship with Defendants;

b. Whether Defendant obtained prior express written consent to place solicitation calls to Plaintiffs Winters and James or the DNC Class members' telephones;

c. Whether Plaintiffs Winters and James and the DNC Class member were damaged thereby, and the extent of damages for such violation; and

d. Whether Defendant should be enjoined from engaging in such conduct in the future.

44. As a person that received numerous solicitation calls from Defendant within a 12-month period, who had not granted Defendant prior express consent and did not have an established business relationship with Defendant, Plaintiffs Winters and James are asserting claims that are typical of the DNC Class.

45. Plaintiff James and members of The ATDS Landline Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff James and ATDS Class members via their landline telephones thereby causing Plaintiff James and ATDS Class members to incur certain charges or reduced telephone time for which Plaintiff James and ATDS Class members

had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and ATDS Class members.

46.  Common questions of fact and law exist as to all members of The ATDS Class which predominate over any questions affecting only individual members of The ATDS Class.  These common legal and factual questions, which do not vary between ATDS Class members, and which may be determined without reference to the individual circumstances of any ATDS Class members, include, but are not limited to, the following:

a.  Whether, within the four years prior to the filing of this Complaint, Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a ATDS Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b.  Whether Plaintiff James and the ATDS Landline Class members were damaged thereby, and the extent of damages for such violation; and

c.  Whether Defendant should be enjoined from engaging in such conduct in the future.

47.  As a person that received numerous telemarketing/solicitation calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff James's prior express consent, Plaintiff James is asserting claims that are typical of The ATDS Class.

48.  Plaintiffs will fairly and adequately protect the interests of the

CLASS ACTION COMPLAINT

members of The Classes. Plaintiffs have retained attorneys experienced in the prosecution of class actions.

49.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable.  Even if every Classes member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

50.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

51.     Defendants have acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

///

///

///

---

### FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b).**

**On Behalf of the ATDS Class and ATDS Landline Class**

52. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth in the paragraphs above.

53. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

54. As a result of Defendant's negligent violations of *47 U.S.C. § 227(b)*, Plaintiffs and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

55. Plaintiffs and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

**On Behalf of the ATDS Class and ATDS Landline Class**

56. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth in the paragraphs above.

57. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

58.   As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(b)*, Plaintiffs and the ATDS Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

59.   Plaintiffs and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

<u>**THIRD CAUSE OF ACTION**</u>

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

**On Behalf of the DNC Class**

60.   Plaintiffs Winters and James repeat and incorporate by reference into this cause of action the allegations set forth in the paragraphs above.

61.   The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, and in particular *47 U.S.C. § 227 (c)(5)*.

62.   As a result of Defendant's negligent violations of *47 U.S.C. § 227(c)*, Plaintiffs Winters and James and the DNC Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

63.   Plaintiffs Winters and James and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///
///
///
///

## FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection**

**Act**

**47 U.S.C. §227 et seq.**

**On Behalf of the DNC Class**

64.   Plaintiffs Winters and James repeat and incorporates by reference into this cause of action the allegations set forth in the paragraphs above.

65.   The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, in particular *47 U.S.C. § 227 (c)(5)*.

66.   As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiffs Winters and James and the DNC Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

67.   Plaintiffs Winters and James and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment against Defendant for the following:

### FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

• As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the ATDS Class members are entitled to and request $500 in statutory damages, for each and every violation,

---

pursuant to *47 U.S.C.  227(b)(3)(B)*.

• Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

• As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the ATDS Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.

• Any and all other relief that the Court deems just and proper.

## THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

• As a result of Defendant's negligent violations of *47 U.S.C. §227(c)(5),* Plaintiffs Winters and James and the DNC Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C.  227(c)(5)*.

• Any and all other relief that the Court deems just and proper.

## FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

• As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(c)(5)*, Plaintiffs Winters and James and the DNC Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47*

*U.S.C. §227(c)(5).*

• Any and all other relief that the Court deems just and proper.

## **JURY DEMAND**

68.    Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.


Respectfully Submitted this 12th Day of August, 2020.


**Kazerouni Law Group, APC**


By: /s/ Ryan L. McBride
        Ryan L. McBride, Esq.

*Counsel for Plaintiffs and the Proposed Class*